IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

APR 1 2 2006

GREGORY C. LANGHAM
CLERK

Civil Action No. 06-cv-00455-BNB

DAVID RENDON,

    Plaintiff,

v.

JOE ORTIZ, Excutive [sic] Director of Department of Corrections, State of Colo.,
FREMONT CORRECTIONS [sic] FACILITY,
GARY WATKINS, Warden, Fremont Corrections [sic] Facility, and
SGT. JOHNSON-KEICHT

    Defendants.

---

ORDER TO FILE AMENDED COMPLAINT AND TO SHOW CAUSE

---

Plaintiff David Rendon is a prisoner in the custody of the Colorado Department of Corrections (DOC) who currently is incarcerated at the Fremont Correctional Facility in Cañon City, Colorado. He filed *pro se* a complaint for money damages pursuant to 42 U.S.C. § 1983 (2003), and 28 U.S.C. § 1343 (1993), alleging that his rights under the United States Constitution have been violated.

The Court must construe the complaint liberally because Mr. Rendon is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); ***Hall v. Bellmon***, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. *Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Rendon will be ordered to file an amended complaint and to show cause why the complaint should not be dismissed for failure to exhaust the DOC's three-step administrative grievance procedure.

Mr. Rendon asserts that on October 20, 2005, he informed Defendant Sergeant Johnson-Keicht that his life was in danger. He further asserts that she directed him to sit in a corner of the prison's west dining hall by himself. He contends that because he was unprotected he was physically assaulted by a co-inmate. He does not allege what injuries, if any, he suffered, but he does assert that he was taken to the prison clinic for emergency assistance. He contends that he has written to Defendant Warden Gary Watkins to inform him that his life continues to be in danger.

Mr. Rendon may not sue the Fremont Correctional Facility for money damages. The State of Colorado and its entities are protected by Eleventh Amendment immunity. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989); *Meade v. Grubbs*, 841 F.2d 1512, 1525-26 (10th Cir. 1988). "It is well established that absent an unmistakable waiver by the state of its Eleventh Amendment immunity, or an unmistakable abrogation of such immunity by Congress, the amendment provides absolute immunity from suit in federal courts for states and their agencies." *Ramirez v. Oklahoma Dep't of Mental Health*, 41 F.3d 584, 588 (10th Cir. 1994). The State of Colorado has not waived its Eleventh Amendment immunity, *see Griess v. Colorado*, 841 F.2d 1042, 1044-45 (10th Cir. 1988), and Congressional enactment of 42 U.S.C. § 1983 did not abrogate Eleventh Amendment immunity. *See Quern v. Jordan*, 440 U.S. 332, 340-345 (1979). Therefore, to the extent Mr. Rendon seeks money damages, the Fremont Correctional Facility is an improper party to this action.

Mr. Rendon also must assert clearly each defendant's personal participation in the alleged constitutional violations. Personal participation is an essential allegation in

a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, the plaintiff must show that each defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant, such as Joe Ortiz, DOC executive director, may not be held liable merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).

In addition, it appears that Mr. Rendon has failed to exhaust his claims through the DOC grievance system. Pursuant to 42 U.S.C. § 1997e(a) (Supp. 2004), "[n]o action shall be brought with respect to prison conditions under . . . any . . . Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." An inmate must exhaust administrative remedies before seeking judicial relief regardless of the relief sought and offered through administrative procedures, *see Booth v. Churner*, 532 U.S. 731, 739 (2001), and regardless of whether the suit involves general circumstances or particular episodes. *See Porter v. Nussle*, 534 U.S. 516, 532 (2002).

Mr. Rendon is a prisoner confined in a correctional facility. The claims he asserts relate to prison conditions. Therefore, he must exhaust the available administrative remedies. Furthermore, 42 U.S.C. § 1997e(a) "imposes a pleading requirement on the prisoner." *Steele v. Fed. Bureau of Prisons*, 355 F.3d 1204, 1210

(10th Cir. 2003). To satisfy the burden of pleading exhaustion of administrative remedies, Mr. Rendon must "either attach copies of administrative proceedings or describe their disposition with specificity." *Id.* at 1211. Finally, § 1997e(a) imposes a total exhaustion requirement on prisoners. *See Ross v. County of Bernalillo*, 365 F.3d 1181, 1189 (10th Cir. 2004). Therefore, if Mr. Rendon has failed to exhaust administrative remedies for any one of his claims, the entire complaint must be dismissed.

The DOC grievance procedure available to Mr. Rendon and to all inmates, *see* DOC Administrative Regulation 850-4, Grievance Procedure, applies "to a broad range of complaints including, but not limited to: policies and conditions within the institution that affects [sic] the offender personally, actions by employees and offenders, and incidents occurring within the institution that affects [sic] the offender personally." DOC Administrative Regulation 850-4, Grievance Procedure at IV.B.1.h.

To exhaust administrative remedies under the prison grievance procedure, an inmate must complete the three-step formal grievance procedure. *See* DOC Administrative Regulation 850-4, Grievance Procedure at IV.D. The response at the third and final step of the formal grievance process certifies that the grievance procedure has been exhausted. *See* DOC Administrative Regulation 850-4, Grievance Procedure at IV.D.4.c. and g. Therefore, Mr. Rendon will be ordered to show cause why the complaint should not be dismissed for failure to exhaust the DOC's three-step administrative grievance procedure.

Finally, Mr. Rendon is advised that he must provide sufficient copies of the amended complaint to serve each named defendant. The Court will not make the copies necessary for service. Therefore, Mr. Rendon should review his claims carefully to ensure that each named defendant personally participated in the asserted constitutional violations. Accordingly, it is

ORDERED that Mr. Rendon file **within thirty (30) days from the date of this order** an original and a copy of an amended complaint that complies with the directives in this order and that shows cause why the complaint should not be dismissed for failure to exhaust the Colorado Department of Corrections' three-step administrative remedy procedure. It is

FURTHER ORDERED that the amended complaint shall be titled "Amended Prisoner Complaint," and shall be filed with the Clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 Nineteenth Street, A105, Denver, Colorado 80294. It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Rendon, together with a copy of this order, two copies of the following form for use in submitting the amended complaint: Prisoner Complaint. It is

FURTHER ORDERED that Mr. Rendon submit sufficient copies of the amended complaint to serve each named defendant. It is

FURTHER ORDERED that, if Mr. Rendon fails to comply with this order to theCourt's satisfaction within the time allowed, the complaint and the action will be dismissed without further notice.

DATED April 12, 2006, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 06-cv-00455-BNB

David Rendon
Doc# 127407
Fremont Correctional Facility
P.O. Box 999
Canon City, CO 81215

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint** to the above-named individuals on_____4-12-06_____

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk